## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EUGENE SCALIA,               )
SECRETARY OF LABOR,     )
U.S. DEPARTMENT OF LABOR, )
                             )
        Plaintiff,       )
                             )
     v.                 )    Case No. 2:19-cv-2770
                             )
SABOR LATINO RESTAURANT LLC, )
and JOSE FRANCO GUEVARA,   )
individually                )
                             )
        Defendants.    )

## <u>COMPLAINT</u>

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor, for his action against Defendant Sabor Latino Restaurant LLC, and Jose Franco Guevara, individually (collectively, "Defendants"), states the following:

## <u>Parties</u>

1.     Plaintiff is the Secretary of Labor, United States Department of Labor.  He brings this action to enjoin Defendants from violating the provisions of sections 15(a)(2), 15(a)(3), and 15(a)(5) (29 U.S.C. §§ 215(a)(2), 215(a)(3), and 215(a)(5)) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201 *et seq*.) ("the Act"), and to recover overtime compensation owing for Defendants' employees pursuant to section 16(c) of the Act.

2.     Defendant Sabor Latino Restaurant LLC, is a Kansas corporation with its principal place of business at 3726 Everett Street #10, Kansas City, Kansas 66102.  It is an employer under section 3(d) of the Act (29 U.S.C. § 203(d)).

3.     Defendant Jose A. Franco Guevara is the owner and manager of Sabor Latino Restaurant LLC.  He acts directly or indirectly in the interests of Defendant Sabor Latino

Restaurant LLC, in relation to its employees in that, among other things, he hires and fires employees, sets pay rates, is responsible for payroll policies, and directs, controls, and supervises business affairs.  He is an employer under section 3(d) of the Act.

**Enterprise, Interstate Commerce, and Jurisdiction**

4.     At all times relevant to this Complaint, the activities of Defendants were, and are, related and performed through unified operation or common control for a common business purpose, and have, since at least September 27, 2017, constituted an enterprise within the meaning of section 3(r) of the Act (29 U.S.C. § 203(r)).

5.     Since at least September 27, 2017, Defendants' enterprise has had (i) employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; therefore, Defendants were, and are, an enterprise engaged in commerce or in the production of goods for commerce as defined in section 3(s)(1)(A) of the Act (29 U.S.C. § 203(s)(1)(A)).

6.     Jurisdiction of this action is proper pursuant to sections 16(c) and 17 of the Act (29 U.S.C. §§ 216 and 217) and by 28 U.S.C. § 1345, and venue of this action is proper pursuant to 28 U.S.C. § 1391.

**Violations of Fair Labor Standards Act**

7.     Defendants have violated and are violating the provisions of sections 7 and 15(a)(2) of the Act (29 U.S.C. §§ 207 and 215) by employing certain employees in an enterprise engaged in commerce or in production of goods for commerce for workweeks longer than forty hours since at least September 27, 2017, through September 24, 2019, without compensating

2

said employees for their employment in excess of forty hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

8.      Defendants have violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that, since at least September 27, 2017, through September 24, 2019, Defendants failed to make, keep, and preserve adequate and accurate records of Defendants' employees and of the wages, hours, and other working conditions and practices of employment maintained by Defendants, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act, in that the records kept by Defendants failed to accurately show, among other things, the hours worked each work day and each workweek, with respect to certain of Defendants' employees.

9.      Defendants have repeatedly violated and are violating the provisions of the Act as alleged in paragraph 7 and have violated the provisions of the Act as alleged in paragraph 8, above.  A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by section 17 of the Act.

10.      As a result of the violations alleged in paragraphs 7 and 8, above, amounts are owing for certain present and former employees for the period from September 27, 2017, through September 24, 2019, including those persons specifically named in Exhibit A, attached to this complaint.  A judgment granting recovery of amounts of back wages owed is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays judgment, pursuant to section 17 of the Act, permanently enjoining and restraining Defendants Sabor Latino Restaurant LLC, and Jose Franco Guevara, individually, and their officers, agents, servants, employees, and those persons in active concert or participation with them, who receive actual notice thereof, from

violating the provisions of sections 15(a)(2), 15(a)(3),  and 15(a)(5) of the Act.  Plaintiff further

prays judgment pursuant to section 16(c) of the Act for judgment in the amount of $3,177.57 in

unpaid overtime compensation, and the additional sum of $3,177.57 in liquidated damages,

for a total of $6,355.14, and any additional amounts as the Court may find due, together with

interest thereon from the dates when such amounts became due, including post-judgment interest

as authorized by 28 U.S.C. § 1961, costs, and for such other further relief as may be necessary

and appropriate.

Kate O'Scannlain
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert Van Wijk
Associate Regional Solicitor

/s/Traci Martin
Traci Martin
Trial Attorney
KS Bar #24284

2300 Main, Suite 1020
Kansas City, MO  64108
(816) 285-7283
(816) 285-7287 (fax)
martin.traci.e@dol.gov

*Attorneys for Plaintiff*

4

## EXHIBIT A

|    | EMPLOYEE | BACK WAGES | LIQUIDATED DAMAGES | TOTAL OWED |
|----|----------|------------|--------------------|------------|
| 1. | Hernandez, Marilu | $171.93 | $171.93 | $343.86 |
| 2. | Monroy, Maria | $3,005.64 | $3,005.64 | $6,011.28 |
|    | TOTAL |  |  | $6,355.14 |